**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————— x

Timothy Condon, individually on behalf of         :
himself and all others similarly situated and John Does (1-100)   :
on behalf of themselves and all others similarly situated,       :    Case No.
                                                            :
                 Plaintiffs,                          :
v.                                                           :
                                                            :
Commonwealth Dairy, LLC,                    :    **CLASS ACTION COMPLAINT**
                                                            :
                 Defendant.                      :    <u>**JURY TRIAL DEMANDED**</u>
                                                            :
                                                            :
                                                            :
———————————————————————— x

        Plaintiff, Timothy Condon (hereinafter "Plaintiff"), individually and on behalf of all

others similarly situated, along with John Does from each state, by his attorneys, alleges the

following upon information and belief, except for those allegations pertaining to Plaintiff, which

are based on personal knowledge:

<u>**NATURE OF THE ACTION**</u>

        1.      This action seeks to remedy the deceptive and misleading business practices of

Commonwealth Dairy LLC (hereinafter "Defendant") with respect to the marketing and sale of

Yo-Yummy Grade A All Natural Yogurt Sour Cherry, Yo-Yummy Grade A All Natural Yogurt

Grape, Yo-Yummy Grade A All Natural Yogurt Strawberry, Yo-Yummy Grade A All Natural

Yogurt Mixed Berry, Yo-Yummy Grade A All Natural Yogurt Strawberry-Banana and Yo-

Yummy Grade A Only Natural Ingredients Yogurt Cotton Candy (hereinafter the "Products")

throughout the State of New York and throughout the country.

        2.      Defendant manufactures, sells, and distributes the Products using a marketing and

advertising campaign designed to appeal to health conscious consumers, and touting Defendant's

1

Products as "All Natural" and/or "Only Natural Ingredients".  However, Defendant's advertising and marketing campaign is false, deceptive, and misleading because the Products contain various artificial and synthetic ingredients.

3.      Plaintiff and those similarly situated ("Class Members") relied on Defendant's misrepresentations that the Products are "All Natural" and/or "Only Natural Ingredients" when purchasing the Products.  Plaintiff and Class Members paid a premium for the Products over and above comparable products that did not purport to be natural.  Given that Plaintiff and Class Members paid a premium for the Products based on Defendant's misrepresentations that they are "All Natural" and/or "Only Natural Ingredients", Plaintiff and Class Members suffered an injury in the amount of the premium paid.

4.      Defendant's conduct violated and continues to violate New York General Business Law §§ 349 and 350, the consumer protection statutes of all 50 states, and the Magnuson-Moss Warranty Act.  Defendant breached and continues to breach its express and implied warranties regarding the Products.  Defendant has been and continues to be unjustly enriched.  Accordingly, Plaintiff brings this action against Defendant on behalf of himself and Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

## JURISDICTION AND VENUE

5.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).  Plaintiff is a citizen of the State of New York and resides in Dutchess County.  Defendant is a corporation with its principal place of business in Brattleboro, Vermont, and is organized and existing under the laws of the State of Delaware.  Upon information and belief, the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

2

6.     This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of New York, contracts to supply goods within the State of New York, and supplies goods within the State of New York.

7.     Venue is proper because Plaintiff and many Class Members reside in the Southern District of New York, and throughout the State of New York.

**PARTIES**

**Plaintiff**

8.     Plaintiff is an individual consumer who, at all times material hereto, was a citizen of Dutchess County, New York.  During the Class Period, Plaintiff purchased the Products in 2016 in Wal-Mart stores located in Dutchess County, New York.

9.     Plaintiff purchased the Products because he saw the labeling, and read the packaging, which represented that the Products are "All Natural" and/or "Only Natural Ingredients". Moreover, Defendant's website represents that the Products are indeed "All Natural" or contain "Only Natural Ingredients."  Plaintiff relied on Defendant's false, misleading, and deceptive representations that the Products are "All Natural" and/or "Only Natural Ingredients". Had Plaintiff known the truth—that the representations he relied upon in making his purchases were false, misleading, and deceptive—he would not have purchased the Products at a premium price.

**Defendant**

10.     Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Brattleboro, Vermont.  Defendant manufactures, markets, advertises and distributes the Products throughout the United States.  Defendant created

and/or authorized the false, misleading and deceptive advertisements, packaging and labeling for the Products.

## FACTUAL BACKGROUND

11.     Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food.  Companies such as the Defendant have capitalized on consumers' desire for purportedly "natural products."  Indeed, consumers are willing to pay, and have paid, a premium for products branded "natural" over products that contain synthetic ingredients.  In 2010, sales of natural products grew 6% to $117 billion.[1]  Reasonable consumers, including Plaintiff and Class Members, value natural products for important reasons, including the belief that they are safer and healthier than alternative products that are not represented as natural.

12.     As depicted below, the Products' packaging prominently represents that they are "All Natural" and/or "Only Natural Ingredients". But, despite these representations, the Products contain many ingredients that are not natural.  Plaintiff read and relied upon each of the aforementioned representations on the Products' packaging and on Defendant's website.

---

[1] *About the Natural Products Association,* NATURAL PRODUCTS ASSOCIATION (last accessed July 3, 2015), http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a1 5ab-f44f-4473-aa6e-ba27ccebcbb8; *Chemical Blessings What Rousseau Got Wrong*, THE ECONOMIST, Feb. 4, 2008, available at http://www.economist.com/node/10633398; *see also* Hunger Oatman-Standford, *What Were We Thinking? The Top 10 Most Dangerous Ads*, COLLECTORS WEEKLY (Aug. 22, 2012), http://www.collectorsweekly.com/articles/the-top-10-most-dangerous-ads/ (featuring advertisements for dangerous synthetic chemicals that were once marketed as safe).

| Name of Product | Synthetic Ingredients | Photo of Product Packaging |
|---|---|---|
| Yo-Yummy Grade A All Natural Yogurt Sour Cherry | • Kosher Gelatin<br>• Tricalcium Phosphate |  |
| Yo-Yummy Grade A All Natural Yogurt Grape | • Kosher Gelatin<br>• Tricalcium Phosphate |  |

| Yo-Yummy Grade A All Natural Yogurt Strawberry | • Kosher Gelatin<br>• Tricalcium Phosphate |  |
| --- | --- | --- |
| Yo-Yummy Grade A All Natural Yogurt Mixed Berry | • Kosher Gelatin<br>• Tricalcium Phosphate |  |

| Yo-Yummy Grade A All Natural Yogurt Strawberry Banana | • Kosher Gelatin<br>• Tricalcium Phosphate |  |
| Yo-Yummy Grade A Only Natural Ingredients Yogurt Cotton Candy | • Kosher Gelatin<br>• Tricalcium Phosphate | |

13.     Defendant's representations that the Products are "All Natural" and/or "Only Natural Ingredients" are false, misleading, and deceptive because the Products contain multiple ingredients that are, as set forth and described below, synthetic and artificial.

     **a.** **Kosher Gelatin** is a synthetic ingredient that is commercially processed using hydrolysis. *See* 9 C.F.R. §94.20.

     **b.** **Tricalcium Phosphate** is a synonym for calcium phosphate tribasic. It has an international numbering system for food additives ("INS") of 341 (iii). It consists of a variable mixture of calcium phosphates with an approximate chemical composition of 10CAO.3P205.H20. It is a recognized synthetic chemical under federal regulations. *See* 7 C.F.R. §205.605(b).

14.    Given the presence of these synthetic and artificial ingredients in the Products, Defendant's representations that the Products are "All Natural" and/or "Only Natural Ingredients" are deceptive and misleading.

15.    Surveys and other market research, including expert testimony Plaintiff intends to introduce, will demonstrate that the term "natural" is misleading to a reasonable consumer because the reasonable consumer believes that the term "natural," when used to describe a good such as the Products, means that it is free of synthetic ingredients.

16.    Congress has defined "synthetic" to mean a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plants, animals, or mineral sources, expect that such term shall not apply to substances created by naturally occurring biological processes. 7 U.S.C. § 6502 (2.1).

17.    In 2013, the USDA issued a Draft Guidance Decision Tree for Classification of Materials as Synthetic or Nonsynthetic (Natural). In accordance with this decision tree, a substance is natural—as opposed to synthetic—if: (a) it is manufactured, produced, or extracted from a natural source (i.e. naturally occurring mineral or biological matter); (b) it has not

undergone a chemical change (i.e. a process whereby a substance is transformed into one or more other distinct substances) so that it is chemically or structurally different than how it naturally occurs in the source material; or (c) the chemical change was created by a naturally occurring biological process such as composting, fermentation, or enzymatic digestion or by heating or burning biological matter. Ex. A.

18.     The FDA declared in 2012: "From a food science perspective, it is difficult to define a food product that is 'natural' because the food has probably been processed and is no longer the product of the earth. That said, the FDA has not developed a definition for use of the term natural or its derivatives. ***However, the agency has not objected to the use of the term if the food does not contain added color, artificial flavors, or synthetic substances.***" (emphasis added).  (**Exhibit B**).  This declaration reiterated and reaffirmed the policy that the FDA had previously articulated in 1993.  58 Fed. Reg. 2302, 2407 (Jan. 6, 1993).

19.     On January 6, 2014, the FDA issued a letter to Judges Yvonne G. Rogers and Jeffrey S. White of the United States District Court, Northern District of California and to Judge Kevin McNulty of the District of New Jersey.  In essence, the FDA declined the courts' invitation to comment on whether food containing substances derived from genetically modified seeds could be labeled "natural."  Notably, the FDA declared: "The agency has, however, stated that its policy regarding the use of the term 'natural' on food labeling means that 'nothing artificial or synthetic (including color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in food."  (emphasis added) (**Exhibit C**).

20.     Additionally, Webster's New World Dictionary defines natural as "produced or existing in nature, not artificial or manufactured."[2]

21.     Consumers lack the meaningful ability to test or independently ascertain or verify whether a product is natural, especially at the point of sale.  Consumers would not know the true nature of the ingredients merely by reading the ingredients label.

22.     Discovering that the ingredients are not natural and are actually synthetic requires a scientific investigation and knowledge of chemistry beyond that of the average consumer.  That is why, even though Gelatin and Tricalcium Phosphate are identified on the back of the Products' packaging in the ingredients listed, the reasonable consumer would not understand – nor is he expected to understand - that these ingredients are synthetic.

23.     Moreover, the reasonable consumer is not expected or required to scour the ingredients list on the back of the Products in order to confirm or debunk Defendant's prominent front-of-the-Products' claims, representations, and warranties that the Products are "All Natural" and/or "Only Natural Ingredients".

24.     Defendant did not disclose that Gelatin and Tricalcium Phosphate are synthetic ingredients.  A reasonable consumer understands Defendant's "All Natural" and/or "Only Natural Ingredients" claims to mean that the Products are "All Natural" and/or "Only Natural Ingredients" and do not contain synthetic ingredients.

25.     Defendant's representations that the Products are "All Natural" and/or "Only Natural Ingredients" induced consumers, including Plaintiff and Class Members, to pay a premium to purchase the Products.  Plaintiff and Class Members relied on Defendant's false and misleading misrepresentations in purchasing the Products at a premium price above comparable

---

[2] http://www.yourdictionary.com/natural#websters (last visited Oct. 11, 2015).

alternatives that are not represented to be "All Natural" and/or "Only Natural Ingredients".  If not for Defendant's misrepresentations, Plaintiff and Class Members would not have been willing to purchase the Products at a premium price.  Accordingly, they have suffered an injury as a result of Defendant's misrepresentations.

## <u>CLASS ALLEGATIONS</u>

26.     Plaintiff brings this matter on behalf of himself and those similarly situated.  As detailed at length in this Complaint, Defendant orchestrated deceptive marketing and labeling practices.  Defendant's customers were uniformly impacted by and exposed to this misconduct. Accordingly, this Complaint is uniquely situated for class-wide resolution, including injunctive relief.

27.     The Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period (the "Class").

28.     Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Products in the State of New York at any time during the Class Period (the "New York Subclass").

29.     The Class and New York Subclass shall be referred to collectively throughout the Complaint as the Class.

30.     The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

31.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

32.     <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a.   Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b.   Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

c.   Whether Defendant made false and/or misleading statements to the Class and the public concerning the content and safety of its Products;

d.   Whether Defendant's false and misleading statements concerning its Products were likely to deceive the public;

e.   Whether Plaintiff and the Class are entitled to injunctive relief;

f.   Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

33.     <u>Typicality</u>: Plaintiff is a member of the Class.  Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Defendant's Products.  Plaintiff is entitled to relief under the same causes of action as the other Class Members.

34.     <u>Adequacy</u>: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent; his consumer fraud claims are common to all members of the Class and he has a strong interest in vindicating his rights; he has retained counsel competent and experienced in complex class action litigation and

they intend to vigorously prosecute this action.  Plaintiff has no interests which conflict with

those of the Class.  The Class Members' interests will be fairly and adequately protected by

Plaintiff and his counsel.  Defendant has acted in a manner generally applicable to the Class,

making relief appropriate with respect to Plaintiff and the Class Members.  The prosecution of

separate actions by individual Class Members would create a risk of inconsistent and varying

adjudications.

35.     The Class is properly brought and should be maintained as a class action under

Rule 23(b) because a class action is superior to traditional litigation of this controversy.  Pursuant

to Rule 23(b)(3), common issues of law and fact predominate over any other questions affecting

only individual members of the Class.  The Class issues fully predominate over any individual

issue because no inquiry into individual conduct is necessary; all that is required is a narrow

focus on Defendant's deceptive and misleading marketing and labeling practices.  In addition,

this Class is superior to other methods for fair and efficient adjudication of this controversy

because, *inter alia*:

36.     Superiority: A class action is superior to the other available methods for the fair

and efficient adjudication of this controversy because:

a.  The joinder of thousands of individual Class Members is impracticable,

cumbersome, unduly burdensome, and a waste of judicial and/or litigation

resources;

b.  The individual claims of the Class Members may be relatively modest compared

with the expense of litigating the claim, thereby making it impracticable, unduly

burdensome, and expensive—if not totally impossible—to justify individual

actions;

13

c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

i. It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's uniform false advertising to purchase its products as being all natural.

37. Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## INJUNCTIVE CLASS RELIEF

38.     Rules 23(b)(1) and (2) contemplate a class action for purposes of seeking class-wide injunctive relief.  Here, Defendant has engaged in conduct resulting in misleading consumers about ingredients in its Products.  Since Defendant's conduct has been uniformly directed at all consumers in the United States, and the conduct continues presently, injunctive relief on a class-wide basis is a viable and suitable solution to remedy Defendant's continuing misconduct.

39.     The injunctive Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

a.  Numerosity: Individual joinder of the injunctive Class Members would be wholly impracticable.  Defendant's Products have been purchased by thousands of people throughout the United States;

b.  Commonality: Questions of law and fact are common to members of the Class. Defendant's misconduct was uniformly directed at all consumers.  Thus, all members of the Class have a common cause against Defendant to stop its misleading conduct through an injunction.  Since the issues presented by this injunctive Class deal exclusively with Defendant's misconduct, resolution of these questions would necessarily be common to the entire Class.  Moreover, there are common questions of law and fact inherent in the resolution of the proposed injunctive class, including, *inter alia*:

i.  Resolution of the issues presented in the 23(b)(3) class;

15

      ii.   Whether members of the Class will continue to suffer harm by virtue of

          Defendant's deceptive products marketing and labeling; and

      iii.   Whether, on equitable grounds, Defendant should be prevented from

          continuing to deceptively mislabel its Products as being "All Natural"

          and/or "Only Natural Ingredients".

    c.  <u>Typicality</u>: Plaintiff's claims are typical of the claims of the injunctive Class

      because his claims arise from the same course of conduct (i.e. Defendant's

      deceptive and misleading marketing, labeling, and advertising practices).  Plaintiff

      is a typical representative of the Class because, like all members of the injunctive

      Class, he purchased Defendant's Products which was sold unfairly and

      deceptively to consumers throughout the United States.

    d.  <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests

      of the injunctive Class.  His consumer protection claims are common to all

      members of the injunctive Class and he has a strong interest in vindicating his

      rights.  In addition, Plaintiff and the Class are represented by counsel who is

      competent and experienced in both consumer protection and class action

      litigation.

40.    The injunctive Class is properly brought and should be maintained as a class

action under Rule 23(b)(2) because Plaintiff seeks injunctive relief on behalf of the Class

Members on grounds generally applicable to the entire injunctive Class.  Certification under Rule

23(b)(2) is appropriate because Defendant has acted or refused to act in a manner that applies

generally to the injunctive Class (i.e. Defendant has marketed its Products using the same

misleading and deceptive labeling to all of the Class Members).  Any final injunctive relief or

declaratory relief would benefit the entire injunctive Class as Defendant would be prevented

from continuing its misleading and deceptive marketing practices and would be required to

honestly disclose to consumers the nature of the contents of its Products.

**FIRST CAUSE OF ACTION**
**VIOLATION OF NEW YORK GBL § 349**
**(On Behalf of Plaintiff and All Class and/or New York Subclass Members)**

41.     Plaintiff repeats and realleges each and every allegation contained in all the

foregoing paragraphs as if fully set forth herein.

42.     New York General Business Law Section 349 ("GBL § 349") declares unlawful

"[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the

furnishing of any service in this state . . ."

43.     The conduct of Defendant alleged herein constitutes recurring, "unlawful"

deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the Class

and/or New York Subclass Members seek monetary damages and the entry of preliminary and

permanent injunctive relief against Defendant, enjoining it from inaccurately describing,

labeling, marketing, and promoting the Products.

44.     There is no adequate remedy at law.

45.     Defendant misleadingly, inaccurately, and deceptively presents its Products to

consumers.

46.     Defendant's improper consumer-oriented conduct—including labeling and

advertising the Products as being "All Natural" and/or "Only Natural Ingredients"—is

misleading in a material way in that it, *inter alia*, induced Plaintiff and Class and/or New York

Subclass Members to purchase and pay a premium for Defendant's Products and to use the

Products when they otherwise would not have. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

47.     Plaintiff and the Class and/or New York Subclass Members and all consumers nationwide have been injured inasmuch as they paid a premium for products that were—contrary to Defendant's representations—"All Natural" and/or "Only Natural Ingredients".  Accordingly, Plaintiff and the Class and/or New York Subclass Members and all consumers nationwide received less than what they bargained and/or paid for.

48.     Defendant's advertising and Products' packaging and labeling induced the Plaintiff and Class and/or New York Subclass Members to buy Defendant's Products and to pay a premium price for it.

49.     Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the Class have been damaged thereby.

50.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and Class and/or New York Subclass Members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 350
**(On Behalf of Plaintiff and All Class and/or New York Subclass Members)**

51.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

52.     N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade or
> commerce or in the furnishing of any service in this state is hereby
> declared unlawful.

53.     N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or
> of the kind, character, terms or conditions of any employment
> opportunity if such advertising is misleading in a material respect.
> In determining whether any advertising is misleading, there shall
> be taken into account (among other things) not only
> representations made by statement, word, design, device, sound or
> any combination thereof, but also the extent to which the
> advertising fails to reveal facts material in the light of such
> representations with respect to the commodity or employment to
> which the advertising relates under the conditions proscribed in
> said advertisement, or under such conditions as are customary or
> usual . . .

54.     Defendant's labeling and advertisements contain untrue and materially misleading statements concerning Defendant's Products inasmuch as they misrepresent that the Products are "All Natural" and/or "Only Natural Ingredients".

55.     Plaintiff and the Class and/or New York Subclass Members and all consumers nationwide have been injured inasmuch as they relied upon the labeling, packaging and advertising and paid a premium for the Products which were—contrary to Defendant's representations—not "All Natural" and/or "Only Natural Ingredients".  Accordingly, Plaintiff

and the Class and/or New York Subclass Members received less than what they bargained and/or paid for.

56.     Defendant's advertising, packaging and products' labeling induced the Plaintiff and Class and/or New York Subclass Members to buy Defendant's Products.

57.     Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

58.     Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus. Law § 350.

59.     Defendant made the material misrepresentations described in this Complaint in Defendant's advertising, and on the Products' packaging and labeling.

60.     Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.  Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

61.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and Class and/or New York Subclass Members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### VIOLATION OF STATE CONSUMER PROTECTION STATUTES
**(On Behalf of Plaintiff and All Class Members)**

62.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

63.     Plaintiff and Class Members have been injured as a result of Defendant's violations of the following state consumer protection statutes, which also provide a basis for

redress to Plaintiff and Class Members based on Defendant's fraudulent, deceptive, unfair and unconscionable acts, practices and conduct.

64.     Defendant's conduct as alleged herein violates the consumer protection, unfair trade practices and deceptive acts laws of each of the following jurisdictions:

a.     **Alaska:** Defendant's practices were and are in violation of Alaska's Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471, *et seq.*

b.     **Arizona:**  Defendant's practices were and are in violation of Arizona's Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, *et seq*.

c.     **Arkansas:**  Defendant's practices were and are in violation of Arkansas Code Ann. § 4-88-101, *et seq.*

d.     **California:**  Defendant's practices were and are in violation of California Consumer Legal Remedies Act, Civil Code § 1750, *et seq*., and California's Unfair Competition Law, California Business and Professions Code § 17200, *et seq*., and California's False Advertising Law, California Business and Professions Code § 17500, *et seq*.

e.     **Colorado**:  Defendant's practices were and are in violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. §§ 61-1-101, *et seq.*

f.     **Connecticut:**  Defendant's practices were and are in violation of Connecticut's Gen. Stat. § 42-110a, *et seq.*

g.     **Delaware:**  Defendant's practices were and are in violation of Delaware's Consumer Fraud Act, Del. Code Ann. tit. 6, § 2511, *et seq.* and the Deceptive Trade Practices Act, Del. Code Ann. tit. 6, § 2531, *et seq.*

h.   **District of Columbia:**  Defendant's practices were and are in violation of the District of Columbia's Consumer Protection Act, D.C. Code § 28-3901, *et seq.*

i.   **Florida:**  Defendant's practices were and are in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.*

j.   **Hawaii:**  Defendant's practices were and are in violation of the Hawaii's Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. § 481A-1, *et seq.* and Haw. Rev. Stat. § 480-2.

k.   **Idaho:**  Defendant's practices were and are in violation of Idaho's Consumer Protection Act, Idaho Code Ann. § 48-601, *et seq.*

l.   **Illinois:**  Defendant's acts and practices were and are in violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2; and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2.

m.   **Indiana:**  Defendant's practices were and are in violation of Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq.*

n.   **Kansas:**  Defendant's practices were and are in violation of Kansas's Consumer Protection Act, Kat. Stat. Ann. § 50-623, *et seq.*

o.   **Kentucky:**  Defendant's practices were and are in violation of Kentucky's Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, *et seq.*

p.   **Maine:**  Defendant's practices were and are in violation of the Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. Ann. Tit. 5, § 205-A, *et seq.* and 10 Me. Rev. Stat. Ann. § 1101, *et seq.*

q.   **Maryland:**  Defendant's practices were and are in violation of Maryland's Consumer Protection Act, Md. Code Ann. Com. Law § 13-101, *et seq.*

r.   **Massachusetts:**  Defendant's practices were unfair and deceptive acts and practices in violation of Massachusetts' Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2.

s.   **Michigan:**  Defendant's practices were and are in violation of Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, *et seq.*

t.   **Minnesota:**  Defendant's practices were and are in violation of Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.* and the Unlawful Trade Practices law, Minn. Stat. § 325D.09, *et seq.*

u.   **Missouri:**  Defendant's practices were and are in violation of Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*

v.   **Nebraska:**  Defendant's practices were and are in violation of Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.* and the Uniform Deceptive Trade

Practices Act, § 87-302, *et seq.*

w.   **Nevada:**  Defendant's practices were and are in violation of Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903 and 41.600.

x.   **New Hampshire:**  Defendant's practices were and are in violation of New Hampshire's Regulation of Business Practices for Consumer Protection, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*

y.   **New Jersey:**  Defendant's practices were and are in violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.*

z.   **New Mexico:**  Defendant's practices were and are in violation of New Mexico's Unfair Practices Act, N.M. Stat. Ann. § 57-12-1, *et seq.*

aa.  **New York:**  Defendant's practices were in and are in violation of New York's Gen. Bus. Law §§ 349, *et seq.*

bb.  **North Carolina:**  Defendant's practices were and are in violation of North Carolina's Unfair Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. § 75-1, *et seq.*

cc.  **North Dakota:**  Defendant's practices were and are in violation of North Dakota's Unlawful Sales or Advertising Practices law, N.D. Cent. Code § 51-15-01, *et seq.*

dd.  **Ohio:**  Defendant's practices were and are in violation of Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq.* and Ohio's Deceptive Trade Practices Act. Ohio Rev. Code Ann. § 4165.01, *et seq.*

ee.  **Oklahoma:**  Defendant's practices were and are in violation of Oklahoma's Consumer Protection Act, Okla. Stat. Ann. tit. 15 § 751, *et seq.*, and Oklahoma's Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78 § 51, *et seq.*

ff.  **Oregon:**  Defendant's practices were and are in violation of Oregon's Unlawful Trade Practices law, Or. Rev. Stat. § 646.605, *et seq.*

gg.  **Pennsylvania:**  Defendant's practices were and are in violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1, *et seq.*

hh.  **Rhode Island:**  Defendant's practices were and are in violation of Rhode Island's Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1, *et seq.*

    ii.   **South Dakota:**  Defendant's practices were and are in violation of South Dakota's Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws § 37-24-1, *et seq.*

    jj.   **Texas:**  Defendant's practices were and are in violation of Texas' Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq.*

    kk.   **Utah:**  Defendant's practices were and are in violation of Utah's Consumer Sales Practices Act, Utah Code Ann. § 13-11-1, *et seq.*, and Utah's Truth in Advertising Law, Utah Code Ann. § 13-11a-1, *et seq.*

    ll.   **Vermont:**  Defendant's practices were and are in violation of Vermont's Consumer Fraud Act, Vt. Stat. Ann. tit. 9 § 2451, *et seq.*

    mm. **Washington:**  Defendant's practices were and are in violation of Washington Consumer Protection Act, Wash. Rev. Code Ann. § 19.86, *et seq.*

    nn.   **West Virginia:**  Defendant's practices were and are in violation of West Virginia's Consumer Credit and Protection Act, W. Va. Code § 46A-6-101, *et seq.*

    *oo.*   **Wisconsin:**  Defendant's practices were and are in violation of Wisconsin's Consumer Act, Wis. Stat. §421.101, *et seq.*

    pp.   **Wyoming:**  Defendant's practices were and are in violation of Wyoming's Consumer Protection Act, Wyo. Stat. Ann. §40-12-101, *et seq.*

65.    Defendant violated the aforementioned states' unfair and deceptive acts and practices laws by representing that the Products are "All Natural" and/or "Only Natural Ingredients".

66.     Contrary to Defendant's representations, the Products are not "All Natural" and/or "Only Natural Ingredients".

67.     Defendant's misrepresentations were material to Plaintiff's and Class Members' decision to pay a premium for the Products.

68.     Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

69.     As a result of Defendant's violations of the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class Members paid a premium for the Products.

70.     As a result of Defendant's violations, Defendant has been unjustly enriched.

71.     Pursuant to the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class Members are entitled to recover compensatory damages, restitution, punitive and special damages including but not limited to treble damages, reasonable attorneys' fees and costs and other injunctive or declaratory relief as deemed appropriate or permitted pursuant to the relevant law.

**FOURTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**(On Behalf of Plaintiff and All Class Members)**

72.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

73.     Defendant provided the Plaintiff and Class Members with an express warranty in the form of written affirmations of fact promising and representing that the Products are all natural and/or contain only natural ingredients.

74.     The above affirmations of fact were not couched as "belief" or "opinion," and were not "generalized statements of quality not capable of proof or disproof."

75.     These affirmations of fact became part of the basis for the bargain and were material to the Plaintiff's and Class Members' transactions.

76.     Plaintiff and Class Members reasonably relied upon the Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy Defendant's Products.

77.     Within a reasonable time after they knew or should have known of Defendant's breach, Plaintiff, on behalf of himself and Class Members, placed Defendant on notice of its breach, giving Defendant an opportunity to cure its breach, which it refused to do.

78.     Defendant breached the express warranty because the Products are not all natural and/or do not contain only natural ingredients.

79.     Defendant thereby breached the following state warranty laws:

    a.      Code of Ala. § 7-2-313;

    b.      Alaska Stat. § 45.02.313;

    c.      A.R.S. § 47-2313;

    d.      A.C.A. § 4-2-313;

    e.      Cal. Comm. Code § 2313;

    f.      Colo. Rev. Stat. § 4-2-313;

    g.      Conn. Gen. Stat. § 42a-2-313;

    h.      6 Del. C. § 2-313;

    i.      D.C. Code § 28:2-313;

    j.      Fla. Stat. § 672.313;

    k.      O.C.G.A. § 11-2-313;

    l.      H.R.S. § 490:2-313;

m.      Idaho Code § 28-2-313;

n.      810 I.L.C.S. 5/2-313;

o.      Ind. Code § 26-1-2-313;

p.      Iowa Code § 554.2313;

q.      K.S.A. § 84-2-313;

r.      K.R.S. § 355.2-313;

s.      11 M.R.S. § 2-313;

t.      Md. Commercial Law Code Ann. § 2-313;

u.      106 Mass. Gen. Laws Ann. § 2-313;

v.      M.C.L.S. § 440.2313;

w.      Minn. Stat. § 336.2-313;

x.      Miss. Code Ann. § 75-2-313;

y.      R.S. Mo. § 400.2-313;

z.      Mont. Code Anno. § 30-2-313;

aa.      Neb. Rev. Stat. § 2-313;

bb.      Nev. Rev. Stat. Ann. § 104.2313;

cc.      R.S.A. 382-A:2-313;

dd.      N.J. Stat. Ann. § 12A:2-313;

ee.      N.M. Stat. Ann. § 55-2-313;

ff.      N.Y. U.C.C. Law § 2-313;

gg.      N.C. Gen. Stat. § 25-2-313;

hh.      N.D. Cent. Code § 41-02-30;

ii.      II. O.R.C. Ann. § 1302.26;

jj.     12A Okl. St. § 2-313;

kk.     Or. Rev. Stat. § 72-3130;

ll.     13 Pa. Rev. Stat. § 72-3130;

mm.     R.I. Gen. Laws § 6A-2-313;

nn.     S.C. Code Ann. § 36-2-313;

oo.     S.D. Codified Laws, § 57A-2-313;

pp.     Tenn. Code Ann. § 47-2-313;

qq.     Tex. Bus. & Com. Code § 2.313;

rr.     Utah Code Ann. § 70A-2-313;

ss.     9A V.S.A. § 2-313;

tt.     Va. Code Ann. § 59.1-504.2;

uu.     Wash. Rev. Code Ann. § 6A.2-313;

vv.     W. Va. Code § 46-2-313;

ww.     Wis. Stat. § 402.313;

xx.     Wyo. Stat. § 34.1-2-313.

80.     As a direct and proximate result of Defendant's breach of express warranty,

Plaintiff and Class Members were damaged in the amount of the price they paid for the Products,

in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE MAGNUSON-MOSS**
**WARRANTY ACT, 15 U.S.C. § 2301 *et seq*.**
**(On Behalf of Plaintiff and All Class Members)**

81.     Plaintiff repeats and realleges each and every allegation contained in the

foregoing paragraphs as if fully set forth herein.

82.     Plaintiff brings this claim individually and on behalf of all members of the Class. Upon certification, the Class will consist of more than 100 named Plaintiffs.

83.     The Magnuson-Moss Warranty Act provides a federal remedy for consumers who have been damaged by the failure of a supplier or warrantor to comply with any obligation under a written warranty or implied warranty, or other various obligations established under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

84.     The Products are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

85.     Plaintiff and other members of the Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

86.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) & 2301(5).

87.     Defendant represented in writing that the Products are "All Natural" and/or "Only Natural Ingredients".

88.     These statements were made in connection with the sale of the Products and relate to the nature of the Products and affirm and promise that the Products are as represented and defect free and, as such, are "written warranties" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A).

89.     As alleged herein, Defendant breached the written warranty by selling consumers Products that are not all natural and/or do not contain only natural ingredients.

90.     The Products do not conform to the Defendant's written warranty and therefore violates the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.  Consequently, Plaintiff and

the other members of the Class have suffered injury and are entitled to damages in an amount to

be proven at trial.

**SIXTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY**
**(On Behalf of Plaintiff and All Class Members)**

91.     Plaintiff repeats and realleges each and every allegation contained in the

foregoing paragraphs as if fully set forth herein.

92.     Under the Uniform Commercial Code's implied warranty of merchantability, the

Defendant warranted to Plaintiff and Class Members that the Products are "All Natural" and/or

"Only Natural Ingredients".

93.     Defendant breached the implied warranty of merchantability in that Defendant's

Products' ingredients deviate from the label and products descriptions, and reasonable consumers

expecting products that conform to their labels would not accept the Defendant's Products if they

knew that they actually contained synthetic ingredients, some of which are potentially harmful

and are not all natural and/or do not contain only natural ingredients.

94.     Within a reasonable amount of time after the Plaintiff discovered that the Products

contain synthetic ingredients, Plaintiff notified the Defendant of such breach.

95.     The inability of the Defendant's Products to meet the label description was wholly

due to the Defendant's fault and without Plaintiff's or Class Members' fault or neglect, and was

solely due to the Defendant's manufacture and distribution of the Products to the public.

96.     As a result of the foregoing, Plaintiff and Class Members have been damaged in

the amount paid for the Defendant's Products, together with interest thereon from the date of

purchase.

## SEVENTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (On Behalf of Plaintiff and All Class Members)

97.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

98.     Defendant knew or had reason to know that the Plaintiff and other Class Members were buying its Products with the specific purpose of buying products that contained exclusively natural ingredients.

99.     Plaintiff and the other Class Members, intending to use wholly natural products, relied on the Defendant in selecting its Products to fit their specific intended use.

100.     Defendant held itself out as having particular knowledge of the Defendant's Products' ingredients and safety.

101.     Plaintiff's and Class Members' reliance on Defendant in selecting Defendant's Products to fit their particular purpose was reasonable given Defendant's claims and representations in its advertising, packaging and labeling concerning the Products' ingredients and safety.

102.      Plaintiff and the other Class Members' reliance on Defendant in selecting Defendant's Products to fit their particular use was reasonable given Defendant's particular knowledge of the Products it manufactures and distributes.

103.      As a result of the foregoing, Plaintiff and Class Members have been damaged in the amount paid for the Defendant's Products, together with interest thereon from the date of purchase.

## EIGHTH CAUSE OF ACTION
## COMMON LAW UNJUST ENRICHMENT
### (On Behalf of Plaintiff and All Class Members in the Alternative)

104.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

105.    Plaintiff, on behalf of himself and consumers nationwide, brings a common law claim for unjust enrichment.

106.    Defendant's conduct violated, *inter alia*, state and federal law by manufacturing, advertising, marketing, and selling its Products while misrepresenting and omitting material facts.

107.    Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling its Products at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members, and to Defendant's benefit and enrichment.  Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

108.    Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for the Products, which were not as Defendant represented it to be.

109.    Under New York's common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

110.    Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## NINTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (On Behalf of Plaintiff and All Class Members)

111.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

112.    Defendant, directly, or through its agents and employees, made false representations, concealments, and non-disclosures to Plaintiff and Class Members about its Products' ingredients.

113.    In making these false, misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a premium for natural labeled products over comparable products that are not labeled as being natural, furthering Defendant's private interest of increasing sales for its products and decreasing sales of products that are truthfully offered "All Natural" and/or "Only Natural Ingredients" by Defendant's competitors.

114.    As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive statements and representations, Defendant injured Plaintiff and Class Members in that they paid a premium price for the Products which was not as represented.

115.    In making the representations of fact to Plaintiff and Class Members described herein, Defendant has failed to fulfill its duties to disclose material facts about the Products.  The failure to disclose the true nature of the Products' ingredients was caused by Defendant's negligence and carelessness.

116.    Defendant, in making these misrepresentations and omissions, and in doing the acts alleged above, knew or reasonably should have known that the misrepresentations were not true.  Defendant made and intended the misrepresentations to induce the reliance of Plaintiff and Class Members.

117.    The Plaintiff and Class Members relied on these false representations and non-disclosures by Defendant when purchasing the Products, upon which reliance was justified and reasonably foreseeable.

118.    As a result of Defendant's wrongful conduct, Plaintiff and Class Members have suffered and continue to suffer economic losses and other general and specific damages, including amounts paid for the Products and any interest that would have been accrued on these monies, all in the amount to be determined at trial.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a)  Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b)  Entering preliminary and permanent injunctive relief against Defendant, directing Defendant to correct its practices and to comply with consumer protection statutes nationwide, including New York consumer protection laws;

(c)  Awarding monetary damages, including treble damages;

(d)  Awarding punitive damages;

(e)  Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(f)  Granting such other and further relief as the Court may deem just and proper.

Dated:  March 29, 2016

**THE SULTZER LAW GROUP P.C.**

Jason P. Sultzer /s/

By: _____

Jason P. Sultzer, Esq. (Bar ID #: JS4546)
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

*Counsel for Plaintiff and the Class*