UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

Timothy Condon, on behalf of himself and
all others similarly situated,

Plaintiff,

-against-

Commonwealth Dairy, LLC.,

Defendant.

------------------------------------------------------------------- x

Civil Action No.: 7:16-cv002295- VB

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(1)**

THE SULTZER LAW GROUP, P.C.
*Attorneys for Plaintiff*
14 Wall Street, 20th Floor.
New York, New York 10005
(212) 618-1938
(888) 749-7747

# TABLE OF CONTENTS

TABLE OF CONTENTS…………………………...………………………………………..I

TABLE OF AUTHORITIES………………………….........................................................II-III

I.    Preliminary Statement……………………………………….………………………1

II.    Legal Arguments……………………………………………………………………2

    A.  Defendant cannot demonstrate to a legal certainty that the amount recoverable

    does not meet the jurisdictional threshold………………………….……………3

        i.   The Warranty and Unjust Enrichment Claims allow for Recovery of the

        Full Retail Price…………………………………………………………..3

        ii.   In view of Plaintiff's Request for Punitive Damages, the CAFA Threshold

        is Exceeded……………………………………………………..…………4

        iii.   The Moffitt Declaration is Inherently Flawed and Untrustworthy and

        Should not be Considered in its Entirety …………………………………5

        iv.   Plaintiff Should be Afforded the Opportunity to Conduct Targeted

        Jurisdictional Discovery……………………………………………..……7

III.    CONCLUSION………………………………………………….…….......………………8

I

# TABLE OF AUTHORITIES

## Cases

*Acevado v. Citibank, N.A.,*
    2012 U.S. Dist. LEXIS 40242, *8-9 (S.D.N.Y. Mar. 23, 2012)..........................2

*Anwar v. Fairfield Greenwich, Ltd.,*
    2009 U.S. Dist. LEXIS 37077 (S.D.N.Y. May 1, 2009)....................................7

*Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.,*
    592 F. Supp. 2d 522, 526 (S.D.N.Y. 2008)..................................................2

*Barry v. Edmunds,*
    116 U.S. 550, 560 (1886)........................................................................4

*Bell v. Preferred Life Assurance Soc'y,*
    320 U.S. 238, 240 (1943)........................................................................4

*City of New York v. Permanent Mission of India to the United Nations,*
    446 F.3d 365, 367-68 (2d Cir. 2006)......................................................7, 8

*Colavito v. New York Organ Donor Network, Inc.,*
    438 F.3d 214, 221 (2d Cir. 2006)..............................................................2

*Diaz v. Paragon Motors of Woodside,* Inc.,
    424 F. Supp. 2d 519 (E.D.N.Y. 2006)........................................................3

*Ebin v. Kangadis Food Inc.,*
    2013 U.S. Dist. LEXIS 107224 (S.D.N.Y. July 25, 2013)...............................3

*Giordano v. Thomson,*
    564 F.3d 163, 170 (2d Cir. 2009)..............................................................3

*Kaye v. Grossman,*
    202 F.3d 611, 616 (2d Cir. 2000)..............................................................3

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.,*
    525 F. Supp. 2d 558, 576 (S.D.N.Y. 2007)..................................................7

*Lucker v. Bayside Cemetery,*
    262 F.R.D. 185 (E.D.N.Y. 2009)...............................................................7

*Oneida Indian Nation of New York v. Cnty. of Oneida,*
    617 F.3d 114, 144 (2d Cir. 2010)............................................................3,4

*Pensionsversicherungsanstalt v. Greenblatt,*
    556 Fed. Appx. 23, 26 (2d Cir. 2014)………………………….……………………5

*Pereira v. Farace,*
    413 F.3d 330, 340 (2d Cir. 2005)………………………………………………………3

*Rossi v. P&G,*
    2012 U.S. Dist. LEXIS 96015 (D.N.J. July 10, 2012)…………………………..5, 7

*Ryan v. Legends Hospitality, LLC,*
    2012 U.S. Dist. LEXIS 130887, *6-7 (S.D.N.Y. July 31, 2012)……………….…….3

*Scott v. Donald,*
    165 U.S. 58, 89, 90 (1897)……………………………………………………………4

*Smith v. Manhattan Club Timeshare Ass'n,*
    944 F. Supp. 2d 244 (S.D.N.Y. 2013)……………………………………………….7

*U.S. ex rel. Taylor v. Gabelli,*
    2005 U.S. Dist. LEXIS 26821, at *4 (S.D.N.Y. Nov. 4, 2005)…………………..…..4

*Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,*
    166 F.3d 59, 63 (2d Cir. 1999)……………………………………………………….2

## Statutes

Fed. R. Evid. 702………………………………………………………...………………………..6

FRCP R. 12(b)(1)………………………………………………………………………………….1

NY GBL §349………………………………………………………………………………..…….1

NY GBL §350………………………………..………………………………………………………1

Plaintiff, Timothy Condon, by and through his attorneys, hereby opposes defendant's FRCP R. 12(b)(1) motion to dismiss for the following reasons:

I.    **Preliminary Statement**

Defendant fails to demonstrate to a legal certainty that the amount in controversy is below the CAFA monetary threshold.   Rather, defendant misconstrues the complaint, ignores New York damages jurisprudence, and relies on a corporate declaration from a layperson (as opposed to, for instance, an economist or hedonic regression analysis expert) that: a) incorrectly defines the relevant market in an artificially narrow manner; b) requires the court to make certain baseless assumptions about the marketplace and about consumers; and c) requires the court to assume that the corporate declarant's interpretation of undisclosed source data (i.e. "sales, pricing, and marketing data regarding [defendant's] products and competitors' products") is accurate.

By way of background, this putative class action seeks a remedy for defendant's deceptive and misleading business practices with respect to the marketing and sale of its Yo-Yummy Grade A All Natural Yogurts.   More specifically, defendant manufactures, sells, and distributes the products using marketing, advertising, and labeling warranting that the products are "All Natural" and/or contain "Only Natural Ingredients."   Notwithstanding these warranties, defendant's products actually contain synthetic ingredients including gelatin and tricalcium phosphate.   Given defendant's demonstrably false representations and its deceptive business practices relative, Plaintiff seeks relief under NY GBL §§349 and 350.   Plaintiff also asserts causes of action premised on breach of implied and express warranties, the Magnuson-Moss Warranty Act, unjust enrichment, and negligent misrepresentation. (R. Doc. 1).

1

As explained herein, defendant's motion must be denied.  Alternatively, plaintiff should be permitted to conduct targeted jurisdictional discovery designed to test the veracity of the corporate declarant's statements and the positions advanced by defendant in its motion to dismiss (and thereafter be permitted to re-file the complaint in state court or submit a supplemental brief in further opposition to defendant's motion).

## II.    Legal Arguments

CAFA amends the diversity jurisdiction statute, vesting district courts with original jurisdiction over class actions in which (1) the putative class is composed of at least one hundred members; (2) any class member is diverse from any defendant; and (3) the aggregate amount in controversy exceeds five million dollars, exclusive of interests and costs.  CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of" the five million dollar jurisdictional amount.  *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co*., 592 F. Supp. 2d 522, 526 (S.D.N.Y. 2008), citing 28 U.S.C. § 1332(d).

Here, the complaint asserts that the amount in controversy exceeds five million dollars. (R. Doc. 1, paragraph 5).  Courts in this Circuit "recognize a 'rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Acevado v. Citibank, N.A*., 2012 U.S. Dist. LEXIS 40242, *8-9 (S.D.N.Y. Mar. 23, 2012), citing *Colavito v. New York Organ Donor Network, Inc*., 438 F.3d 214, 221 (2d Cir. 2006) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)).  To rebut that presumption, "the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id*. (internal quotation marks and citations omitted).  And, "legal impossibility must be so certain as to virtually negative the

2

plaintiff's good faith in asserting the claim." *Ryan v. Legends Hospitality, LLC*, 2012 U.S. Dist.

LEXIS 130887, *6-7 (S.D.N.Y. July 31, 2012) (internal quotation marks and citations omitted).

### A. Defendant cannot demonstrate to a legal certainty that the amount recoverable does not meet the jurisdictional threshold

**The Warranty and Unjust Enrichment Claims allow for Recovery of the Full Retail Price**

*Ebin v. Kangadis Food Inc.*, 2013 U.S. Dist. LEXIS 107224 (S.D.N.Y. July 25, 2013) is

instructive.  In that case, the court explained: "defendants persuasively argue that on plaintiffs'…

NYGBL claims, the proper measure of damages is the benefit of the bargain.  But defendant cites

no authority to rebut plaintiffs' contention that they may recover the full retail price paid on their

state-law claims for breach of warranty." Id. at *9, citing *Diaz v. Paragon Motors of Woodside,

Inc.*, 424 F. Supp. 2d 519 (E.D.N.Y. 2006).  In the case at bar, a plain review of the complaint

reveals that plaintiff pled that the appropriate measure of damages in connection with the breach

of express warranty claim is the full retail price.  (See R. Doc. 1, Paragraph 80, "As a direct and

proximate result of Defendant's breach of express warranty, Plaintiff and Class Members were

damaged in the amount of the price they paid for the Products, in an amount to be proven at

trial.")  Accordingly, prevailing on the breach of warranty claims would allow the class to

recover the total Yo-Yummy retail sales across all markets and vendors.

Further, under New York law, an unjust enrichment claim seeks redress when one party

has received money or a benefit at the expense of another.'" *Kaye v. Grossman*, 202 F.3d 611,

616 (2d Cir. 2000).  It is well-settled that the measure of damages for an unjust enrichment claim

is restricted to the "reasonable value" of the benefit conferred upon the defendants. *See Giordano

v. Thomson*, 564 F.3d 163, 170 (2d Cir. 2009); *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir.

2005) ("[R]estitution is measured by a defendant's 'unjust gain, rather than [by a plaintiff's]

loss.'" (second alteration in original)(Ginsburg, J., dissenting)); *see also Oneida Indian Nation of*

3

*New York v. Cnty. of Oneida*, 617 F.3d 114, 144 (2d Cir. 2010) (citing Dan B. Dobbs, Law of Remedies, § 4.1, at 552 (2d ed. 1993) ("[The] purpose [of restitution] is to prevent the defendant's unjust enrichment by recapturing the gains the defendant secured in a transaction.")); *U.S. ex rel. Taylor v. Gabelli*, 2005 U.S. Dist. LEXIS 26821, at *4 (S.D.N.Y. Nov. 4, 2005) ("Damages typically focus on the plaintiff and provide 'make-whole,' compensatory monetary relief; restitution, by contrast, concentrates on the defendant — preventing unjust enrichment, disgorging wrongfully held gains, and restoring them to the plaintiff.") (citations omitted).  Here, while the complaint includes a claim for unjust enrichment and disgorgement, defendant fails to acknowledge that disgorgement is an additional measure of damages that must be factored into the CAFA threshold analysis.

Given that the warranty claims allow for a full retail price refund[1] and the unjust enrichment claim allows for disgorgement, the measure of damages in this case exceeds the CAFA threshold.  Put differently, exceeding the CAFA threshold in this case is not a "legal impossibility."

**In view of Plaintiff's Request for Punitive Damages, the CAFA Threshold is Exceeded**

Plaintiffs' request for punitive damages -- in view of defendant's alleged reckless and wanton conduct -- provides an independent basis for meeting the CAFA threshold.  The Supreme Court has declared that "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining [the] jurisdictional amount." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *see also Barry v. Edmunds*, 116 U.S. 550, 560 (1886); *Scott v. Donald*, 165 U.S. 58, 89, 90 (1897).  Further, the Second Circuit allows courts to consider punitive damages claims in determining whether a

---

[1] The total retail sales are set forth in Paragraph 6 of the Moffitt Declaration.  (R. Doc. 15-1)

plaintiff has satisfied the applicable amount in controversy requirements. In *Pensionsversicherungsanstalt v. Greenblatt*, 556 Fed. Appx. 23, 26 (2d Cir. 2014), the Second Circuit held that the district court properly concluded that the amount in controversy requirement was satisfied "even were the damages attributable to [the defendant in the Complaint] was less than [the required amount] to a legal certainty . . . given the Complaint's request for punitive damages." The Second Circuit concluded that the lower court made the proper determination with regard to the amount in controversy, since "a punitive award could have increased damages beyond the [requisite amount in controversy] threshold." *Id.*

Further, in *Rossi v. P&G*, 2012 U.S. Dist. LEXIS 96015 (D.N.J. July 10, 2012), where the defendant filed a motion to dismiss pursuant to FRCP 12(b)(1) and argued that plaintiff could not meet the $5 million CAFA threshold, the court explained that a complaint will be deemed to satisfy the required amount in controversy unless the defendant can show to a legal certainty that the plaintiff cannot recover that amount. *Id.* at 11. The court ultimately denied defendant's motion and held that given the gross sales figures ($2,236,800) and plaintiff's claim for punitive damages and attorneys' fees, plaintiff asserted in good faith that the jurisdictional threshold would be met. *Id.* In the case at bar, a review of plaintiff's disclosed retail sales figures reveals that the CAFA threshold can be easily exceeded if punitive damages are awarded.

## The Moffitt Declaration is Inherently Flawed and Untrustworthy and Should not be Considered in its Entirety

In an effort to define the relevant market in an artificially narrow manner, Moffitt indicates that "Yo Yummy" is a "yogurt pouch product generally targeted at children," and "primarily sold in packages of four individual pouches." (R. Doc. 15-1, Paragraph 7). And, Moffitt indicates that "the same is true of its main competitor products: Chobani Tots; Dannon Danimals; Stonyfield YoKids; and Lifeway ProBugs. These are the only competitor yogurt

pouch products of which I am aware." Id.  But, there is no basis for limiting the relevant market in this way and otherwise excluding, for instance: a) yogurt pouches sold individually, b) yogurt pouches sold in six packs; c) yogurt cups sold in four packs and marketed to children.

Moreover, there is no basis for Moffitt's assumption that where a competing product is not sold at the same retailer that sells Yo Yummy, it necessarily follows that reasonable consumers are not making a choice to purchase the Yo Yummy product at a premium price over a competing product (without the "all natural" representation).  Indeed, in the landmark study *Organic and All Natural: Do Consumers Know the Difference?* Anstine, Jeffrey, Journal of Applied Economics and Policy 26.1 (2007):15-27 (examining the different effects of the terms "all natural" and "organic" in the yogurt market), studies of consumer preferences revealed that consumers frequented two or three different retail stores in connection with buying their groceries.  (Exhibit A, pp. 17-18).

Further, the Moffitt declaration does not annex the source data upon which it purportedly relies.  Accordingly, plaintiff and the court must blindly assume that "the data…gathered and maintained by Commonwealth" is accurate and up-to-date, and that Moffitt is correctly citing and interpreting the source data.  Further, Moffitt, who does not detail any credentials suggesting that he is qualified to calculate potential class-wide damages in this case, essentially asks the court to accept his expertise and methodology in developing a price-premium framework of recovery.  Accepting Moffitt's *ipse dixit* assumptions, formulas, and calculations would be inconsistent with the court's gatekeeper role.[2]

---

[2] Fed. R. Evid. 702 requires that an expert's testimony must be (1) based on sufficient facts or data, (2) the product of reliable principles and methods, (3) reliably applied to the facts of the case. "These three reliability-based requirements are intended to codify *Daubert* and its progeny. Under *Daubert*, a court is required to ensure that challenged expert testimony is not only relevant, but reliable. *Daubert* charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony. The gatekeeping function applies not just to scientific expert testimony as discussed in *Daubert*, but also to testimony based on technical or other specialized knowledge." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 576 (S.D.N.Y. 2007).

Defendant cites *Smith v. Manhattan Club Timeshare Ass'n*, 944 F. Supp. 2d 244 (S.D.N.Y. 2013) for the proposition that courts may look outside the pleadings to other evidence in the record to determine whether the CAFA threshold is met. But, in *Smith*, the court considered a corporate affidavit that indicated "The Manhattan Club sold to members of the putative class a total of 14,696 timeshare interests for a total sales amount of $332,224,553.41." And, the court held that in a case in which the timeshare were alleged to be worthless, this total sales figure "comfortably exceeds" the CAFA threshold. Notably, the *Smith* court did not accept a price premium damages model from a corporate declarant – which is what the defendant asks the court to do in the case at bar. Accordingly, the Moffitt affidavit should either be entirely disregarded or partially disregarded insofar as it is fundamental flawed.

**Plaintiff Should be Afforded the Opportunity to Conduct Targeted Jurisdictional Discovery**

Plaintiff respectfully requests that the court allow plaintiff a window to conduct targeted discovery on this narrow, threshold jurisdictional issue. In *Rossi v. P&G*, 2012 U.S. Dist. LEXIS 96015 *14 (D.N.J. July 10, 2012), the court explained that "jurisdictional discovery is particularly appropriate where the defendant is a corporation, since the plaintiff, a total stranger" to the defendant, should not be required . . . to try such an issue on affidavits without the benefit of full discovery." (internal citations and quotations omitted). *See also Anwar v. Fairfield Greenwich, Ltd.*, 2009 U.S. Dist. LEXIS 37077 (S.D.N.Y. May 1, 2009) (allowing jurisdictional discovery on the CAFA threshold issue); *See also Lucker v. Bayside Cemetery*, 262 F.R.D. 185 (E.D.N.Y. 2009) (allowing jurisdictional discovery on the CAFA threshold issue), See also *City of New York v. Permanent Mission of India to the United Nations*, 446 F.3d 365, 367-68 (2d Cir.

2006) ("After limited discovery on the jurisdictional question [following removal to federal court], the [defendants] moved to dismiss for lack of subject matter jurisdiction.").

Plaintiff also respectfully requests that upon conducting targeted jurisdictional discovery, plaintiff be permitted to re-file the complaint in state court or submit a supplemental brief in further opposition to defendant's motion.

### III.     Conclusion

For the foregoing reasons, plaintiff requests that defendant's motion be denied. Alternatively, plaintiff requests that he be permitted to conduct targeted jurisdictional discovery and then re-file the action in state court or submit a supplemental brief.

DATED: June 30, 2016

**THE SULTZER LAW GROUP P.C.**

By: _____
Joseph Lipari (Bar ID #: JL3194)
14 Wall Street, 20th Floor
New York, NY 10005
Tel: 212 618-1938
Fax: (888) 749-7747
liparij@thesultzerlawgroup.com

*Counsel for Plaintiff*

8